UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH RIZZIO,<br><br>    Plaintiff,<br><br>    v.<br><br>WORK WORLD AMERICA, INC., a corporation, d/b/a WORK WORLD CLOTHING AMERICA, INC.; and DOES 1-100, inclusive,<br><br>    Defendants. | No. 2:14-cv-02225-TLN-DAD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendant Work World America, Inc. d/b/a Work World Clothing America, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (ECF No. 5.) Plaintiff Elizabeth Rizzio ("Plaintiff") filed an opposition to Defendant's motion. (Am. Opp'n, ECF No. 7.) The Court has carefully considered the arguments raised in Defendant's motion and reply, as well as Plaintiff's opposition. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

**I. FACTUAL BACKGROUND**

Plaintiff began her employment on January 7, 2013, as a temporary administrative assistant. (Complaint, ECF No. 1-1 at ¶ 11.) Plaintiff's duties in this position included matching

1

1   and filing accounts payable, printing reports, auditing daily sales for accounts receivable,
2   answering phones, mail distribution, and ordering supplies.  (ECF No. 1-1 at ¶ 11.)  Plaintiff
3   alleges that she was supervised by Brandi Palomo ("Palomo"), who managed the district office
4   wherein Plaintiff worked.  (ECF No. 1-1 at ¶ 8.)  Plaintiff states that she received positive
5   feedback on her work performance from Palomo.  (ECF No. 1-1 at ¶ 13.)  On April 29, 2013,
6   Plaintiff received a promotion to a full time permanent administrative assistant position.  (ECF
7   No. 1-1 at ¶ 17.)  Plaintiff also states that around the time of her promotion, her work duties
8   increased and Palomo indicated that she would receive a raise.  (ECF No. 1-1 at ¶ 18.)

9        Plaintiff states in her Complaint that Palomo was solely responsible for supervising
10  employees and enforcing Defendant's leave policies within the district office.  (ECF No. 1-1 at ¶
11  8.)  Plaintiff alleges that Defendant did not maintain an independent human resources body, but
12  that employees could request leave from the payroll office and the request was referred to Palomo
13  for approval.  (ECF No. 1-1 at ¶ 10.)  Plaintiff states that Defendant did not educate her regarding
14  her right to intermittent or long-term medical leave during her initial training.  (ECF No. 1-1 at ¶
15  12.)  Plaintiff alleges that, to her understanding, employees could apply for vacation time if they
16  were sick, but that approval of the time off was subject to Palomo's discretion.  (ECF No. 1-1 at ¶
17  14.)

18       On March 11, 2013, Plaintiff was involved in a motor vehicle accident and severely
19  injured her back.  She was taken to the emergency room and received treatment. (ECF No. 1-1 at
20  ¶ 15.)  Plaintiff alleges that she informed Palomo that she suffered an injury causing severe back
21  pain radiating down her legs and that her doctors informed her the accident damaged her sciatic
22  nerve.  (ECF No. 1-1 at ¶ 16.)  Plaintiff states that, around the time of the accident, Palomo
23  requested that she submit a doctor's note for leave of more than two days – Plaintiff submitted the
24  note and her leave was approved during that time.  (ECF No. 1-1 at ¶ 16.)

25       Over the next few months, Plaintiff alleges that she met with her doctors for issues related
26  to her back injury several times, including June 13, July 1, July 24, and August 21, 2013.  (ECF
27  No. 1-1 at ¶ 19.)  Plaintiff states that she requested days off for each of these visits from Palomo
28  via text message and that she specified the leave was related to continuing back pain.  (ECF No.

1    1-1 at ¶ 19.)  Palomo approved these days off.  (ECF No. 1-1 at ¶ 19.)

2    At some point following Plaintiff's injury and resulting medical leave, Plaintiff alleged that Palomo informed her she would not be eligible for a raise because she had missed too many days.  (ECF No. 1-1 at ¶ 20.)  Plaintiff further stated that Palomo told her, "[i]f you take off one more day because of your back, I'm terminating you."  (ECF No. 1-1 at ¶ 20.)  Plaintiff subsequently discovered that Palomo noted in Plaintiff's personnel file, "12 days absent in 6 months excessive abseentism [sic] and needs to stop."  (ECF No. 1-1 at ¶ 20.)

Following this discussion with Palomo, Plaintiff states that she made an effort not to request time off for pain or for appointments related to her back injury. Instead, she scheduled appointments on weekends and returned to work on Mondays after epidural steroid back injections or other procedures for pain.  (ECF No. 1-1 at ¶ 21.)  Plaintiff alleges that Palomo never asked Plaintiff about her back injury and Plaintiff stopped mentioning her condition for fear of termination.  (ECF No. 1-1 at ¶ 21.)

In April 2015, Plaintiff received approval for five days of vacation to visit her daughter on June 2–6, 2014.  (ECF No. 1-1 at ¶ 24.)  Subsequently, Plaintiff was admitted to the hospital on May 12, 2014, with severe chest pains and difficulty breathing.  (ECF No. 1-1 at ¶ 25.)  Doctors initially believed that Plaintiff has suffered a "micro-heart attack" resulting from her injuries, but later determined that her symptoms were caused by acid reflux and anxiety.  (ECF No. 1-1 at ¶¶ 25, 27.)  Plaintiff stated that her daughter contacted Palomo, explaining her mother's condition and stating that Plaintiff was concerned about missing work because of previous conversations with Palomo.  Plaintiff states that Palomo told her daughter, "Tell your mom not to worry. We hope it's nothing serious."  (ECF No. 1-1 at ¶ 26.)

Ultimately, Plaintiff took medical leave from May 12–30, 2014.  (ECF No. 1-1 at ¶ 29.)  Plaintiff states that she completed all requested medical leave paperwork in a timely fashion.  (ECF No. 1-1 at ¶ 29.)  Plaintiff alleges that she confirmed her medical leave with Palomo via text message and reminded Palomo of her previously approved vacation from June 2–6, 2014.  Plaintiff states that Palomo did not reply to that text message.  (ECF No. 1-1 at ¶ 29.)

Plaintiff states that, upon her return to work on Monday, June 9, 2014, Palomo provided

3

Plaintiff with a termination notice indicating that she was being terminated for "performance reasons." (ECF No. 1-1 at ¶ 30.) Plaintiff alleges that Palomo declined to discuss the reasons for her termination. (ECF No. 1-1 at ¶ 30.)

On August 11, 2014, Plaintiff received a right-to-sue notice from the Department of Fair Employment and Housing. (ECF No. 1-1 at ¶ 31.) On September 24, 2014, Plaintiff filed the instant action. Plaintiff alleges the following eight claims against Defendant: (1) Disability discrimination in violation of Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(a); (2) Retaliation in violation of the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2(l); (3) Failure to prevent discrimination and retaliation in violation of the FEHA, Cal. Gov. Code § 12940(k); (4) Failure to accommodate in violation of the FEHA, Cal. Gov. Code § 12940(m); (5) Failure to engage in the interactive process in violation of the FEHA, Cal. Gov. Code 12940(m); (6) Interference with protected medical leave in violation of the CFRA, Cal. Gov. Code 12945.2(t); (7) Retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(2); and (8) Interference with protected medical leave in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

## II. STANDARD OF LAW[1]

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the

---

[1] Plaintiff argues that the Court should treat the instant motion as a motion for summary judgment because of Defendant's inclusion of two exhibits external to the Complaint. (ECF No. 7-1 at 11.) Exhibit A, attached in support of Defendant's motion, is a form letter detailing the company's FMLA policy and referring to additional enclosed information, which was not attached. (ECF No. 5-2.) Exhibit B was similarly attached to Defendant's motion and Defendant represents that it is a copy of the forms Plaintiff signed in connection with her medical leave. (ECF No. 5-3.) A court may consider documents external to the pleadings in a motion to dismiss under the incorporation by reference doctrine where the contents of the documents are alleged in the complaint and neither party questions the authenticity of the documents. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, Plaintiff references the receipt of "medical leave paperwork" on or about May 19, 2014. (ECF No. 1-1 at ¶ 29.) Moreover, although Plaintiff questions whether the form was filled out in error in her opposition, neither party disputes that the documents are authentic. (ECF No. 7-1 at 13.) Therefore, the Court hereby incorporates these documents by reference and will evaluate the instant motion as a motion to dismiss.

defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims … across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While

the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

#### a. A Qualified Physical Disability

As a threshold matter, Defendant argues that Plaintiff has failed to state a claim with respect to Counts I, III, IV, and V in her Complaint because she has not presented sufficient evidence that she suffers from a disability under the FEHA. (ECF No. 5 at 9.) The Court finds that Plaintiff has alleged sufficient facts under Rule 12(b)(6) to plead that her conditions qualified as physical disabilities under the FEHA.

Defendant argues that Plaintiff has failed to allege a "physical disability" as defined by

California Government Code Section 12926(m).  (ECF No. 5 at 13.)  The statute defines a physical disability as including, but not limited to:

> Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that does both of the following: (A) Affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine; (B) Limits a major life activity.

Cal. Gov. Code § 12926(m).  Defendant maintains that Plaintiff has not pleaded sufficient facts to demonstrate that her back injury and her acid reflux and anxiety condition rise to the level of a physical disability under the law.  (ECF No. 5 at 14.)  Defendant argues that both these conditions "are the very type of transient, non-life-threatening conditions which have no long lasting effects … which are excluded from the definition of 'physical disability.'"  (ECF No. 5 at 15.)

Plaintiff argues that she has alleged sufficient facts to support her claims.  Plaintiff states that chronic and episodic conditions that impair working or other major life activities are covered under the statute.  (ECF No. 7-1 at 12 (citing Cal. Gov. Code § 12926.1(c)).)  Plaintiff further argues that the Supreme Court of California has recognized that a condition that has the ability to be handicapping is sufficient to meet the definition, even if that condition was not presently affecting the individual.  (ECF No. 7-1 at 14 (citing *American Nat'l Ins. Co. v. Fair Employment & Housing Comm'n*, 32 Cal. 3d 603, 609–610 (1991)).)  Moreover, Plaintiff alleges that the Supreme Court of California has also determined that a physical disability need only limit, not substantially limit, participation in a major life activity.  (ECF No. 7-1 at 13. (citing *Colmenares v. Braemar Country Club, Inc.*, 29 Cal. 4th 1019, 1024 (2003)).)  Therefore, Plaintiff argues that her back injury caused severe, ongoing, and worsening pain, which required intermittent medical leave for ongoing pain and medical treatment.  (ECF No. 7-1 at 13.)  With respect to her acid reflux and anxiety condition, Plaintiff argues that the condition is defined as a physical disability because it required a trip to the emergency room and three weeks of medical leave.  (ECF No. 7-1 at 14.)

With respect to Plaintiff's back injury, Plaintiff's interpretation of the law is correct.

Moreover, the Court finds Defendant's argument on this point to be meritless and purely litigious. "Physical and mental disabilities include, but are not limited to, chronic or episodic conditions…." Cal. Gov. Code § 12926.1(c). The FEHA further instructs that a disability need only limit a major life activity, not substantially limit a major life activity as the Americans with Disabilities Act requires. Cal. Gov. Code § 12926.1(c). Work is considered a major life activity under the law. *Id.* Plaintiff describes her back injury as "severe pain going down her legs" that continued to worsen over time and for which non-operative treatments were not successful. (ECF No. 1-1 at ¶¶ 16, 19.) Plaintiff also states clearly in her Complaint that she sought time off from work both because of her "ongoing back pain" and because of her need for treatment up until the time she was allegedly told that she would be terminated if she took any more days because of her back. (ECF No. 1-1 at ¶¶ 19–20.) For Defendant to claim that Plaintiff's injury is excluded from being a "physical disability" because it is a condition "with little or no residual effects," such as a cold or cut, bluntly stated, is ridiculous. (ECF No. 5 at 7.) At this stage, Plaintiff has provided sufficient facts in her Complaint to support her assertion that she suffered from a qualified disability.

As for Plaintiff's acid reflux/anxiety diagnosis, the Court also finds that Plaintiff has pleaded sufficient facts to support her assertion that she suffered a disability. Federal district courts within California have held that "[s]hortness of breath, chest pain, and faintness are physiological conditions" and such symptoms may be considered a physical disability under the FEHA. *Lambert v. Nat'l R.R. Passenger Corp.*, No. CV 13-08316 DDP MANX, 2015 WL 1967044, at *5 (C.D. Cal. Apr. 29, 2015) (internal citations omitted). The Supreme Court of California has similarly upheld a jury verdict finding that intermittent panic attacks that interrupted a plaintiff's workday constituted a disability under the FEHA. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 705–07 (2009), *as modified* (Feb. 10, 2010) (reversing the Court of Appeals and finding sufficient support for jury's verdict in favor of plaintiff's FEHA harassment claim).[2] *See also*, *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 258–59 (2000) (finding

---

[2] The Court notes that Defendant cited *Robyn v. McKesson Corp.* for the exact opposite proposition, stating, "…panic attacks during which an employee was temporarily unable to perform her job due to heart palpitations and other symptoms has [sic] been found not to constitute a disability." (ECF No. 5 at 15.) Not only does the opinion

plaintiff's declaration that she suffers from anxiety and panic attacks sufficient to support her FEHA disability claim.)

Moreover, the Court could draw a reasonable inference that Plaintiff's condition limited a major life activity by virtue of the fact that the condition required hospitalization and subsequent leave from work. (ECF No. 1-1 at ¶¶ 25–27.) The fact that Plaintiff did not allege that the condition further limited her ability to work is inconsequential because Plaintiff was terminated directly following her medical leave. (ECF No 1-1 at ¶ 30.) Considering the impact of her condition during her period of employment with Defendant, the Court must conclude that Plaintiff alleged sufficient facts to support her Complaint.

### b. Count I: Disability Discrimination under FEHA

Plaintiff seeks to bring a claim for disability discrimination against Defendant under the FEHA. (ECF No. 1-1 at ¶¶ 33–39.) Defendant moves to dismiss this claim under Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to allege a physical disability under the FEHA and that Plaintiff has failed to identify a plausible causal connection between a disability and the alleged adverse employment action. (ECF No. 5 at 13–17.) The Court finds that Plaintiff has pled sufficient facts to support this cause of action and Defendant's motion as to Count I is hereby denied.

The Court has already addressed Defendant's first argument by finding that Plaintiff has plead sufficient facts to support her allegation that she suffered a physical disability under the FEHA. *See,* Section III.a., *supra*. Therefore, the Court will only address Defendant's argument that Plaintiff has failed to identify a causal connection between her alleged disability and the alleged adverse employment action.

Defendant states that Plaintiff's Complaint offers only one adverse action – her termination on June 9, 2014. (ECF No. 5 at 15.) However, Plaintiff also alleges that she was told she would not get a raise because she missed too many days of work attending to her back injury. (ECF No. 1-1 at ¶ 20.) "[A]dverse treatment that is reasonably likely to impair a reasonable

---

not reach the conclusion stated, but the procedural posture of the case, a review of the jury verdict on damages, is entirely inapplicable to the standard set forth under Rule 12(b)(6). The Court finds Defendant's recitation of the case to be inaccurate and misleading.

employee's job performance or prospects for advancement or promotion falls within the reach of the antidiscrimination provisions of [the FEHA]." *Horsford v. Bd. of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 373 (2005). Here, the alleged denial of a raise and termination fall squarely within that definition.

Defendant further contends that the termination was too far removed in time to be plausible – occurring seven months after Plaintiff was allegedly told she would be terminated for taking additional leave. (ECF No. 5 at 16.) However, the Court need not reach that level of analysis. *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). On a prima facie reading of the alleged facts, Plaintiff was told that she would not receive a raise because she "missed too many days" attending to her back injury and Plaintiff was terminated immediately following her return from medical leave. (ECF No. 1-1 at ¶¶ 20, 30.) The Court finds no basis to dismiss Plaintiff's claim under Rule 12(b)(6) given these alleged facts. Therefore, the Court finds that both of these actions are sufficiently pleaded to support a claim of discrimination under the FEHA.

### c. **Count II: Disability Retaliation under CFRA**

Plaintiff seeks to bring a claim against Defendant for retaliation for exercising her right to use family care and medical leave under the CFRA. (ECF No. 1-1 at ¶¶ 40–44.) Defendant argues that Plaintiff's second cause of action must be dismissed under Rule 12(b)(6) on the grounds that Plaintiff failed to plead sufficient facts to show that she was entitled to medical leave under the CFRA. (ECF No. 5 at 17–19.) The Court finds that Plaintiff has pled sufficient facts to support this cause of action and Defendant's motion as to Count II is hereby denied.

To successfully bring a claim for disability retaliation under the CFRA, Plaintiff must prove, in part, that she was "entitled to a medical leave for her own serious health condition" and "the condition must cause her to be unable to work at all or unable to perform one or more of the essential functions of her position." *Neisendorf v. Levi Strauss & Co.*, 143 Cal. App. 4th 509, 516–17 (2006). Defendant argues that Plaintiff fails to plausibly plead this claim because the documentation she submitted in support of her CFRA leave (Exhibit B in support of Defendant's

1  Motion to Dismiss - ECF No. 5-3), indicated that she was able to perform work and was able to
2  perform all of the essential functions of her position. (ECF No. 5 at 18.) [3]

3  Both parties agree to the authenticity of the document titled Exhibit B. (ECF No. 5 at 18
4  and ECF No. 1-1 at ¶ 29.) The second page of the Exhibit B is entitled "Certification of Health
5  Care Provider – Employee's or Family Member's Serious Health Condition." (ECF No. 5-3 at 2.)
6  The instructions read, in part, "[t]he employee listed above has requested leave to care for
7  himself/herself…." It is therefore clear to the Court that the form is to be completed by the
8  healthcare provider for the purpose of granting medical leave for a serious health condition under
9  the CFRA.

10  Plaintiff's healthcare provider completed this form on May 27, 2014. (ECF No. 5-3 at 3.)
11  On the form, the healthcare provider checked the box marked "yes" to indicate that Plaintiff
12  suffered from a "serious health condition." (ECF No. 5-3 at 2.) The healthcare provider also
13  indicated on the form that Plaintiff would be under care for her serious condition until June 2,
14  2014. (ECF No. 5-3 at 2.) However, when asked if Plaintiff was "able to perform work of any
15  kind," the healthcare provider checked the box marked "yes." (ECF No. 5-3 at 2.) Similarly,
16  when asked whether Plaintiff was "unable to perform one or more of his/her essential functions of
17  the employee's position," the healthcare provider checked the box marked "no." (ECF No. 5-3 at
18  2.) Because of the healthcare provider's responses, Defendant argues that Plaintiff could not
19  possibly allege that she qualified for medical leave under the CFRA and therefore her claim must
20  fail. (ECF No. 5 at 17.) The Court disagrees.

21  Defendant's argument on this issue is simply inconsistent with the standard for dismissal
22  under Rule 12(b)(6). It is clear from the face of the document that the healthcare provider has
23  submitted a document requesting that Plaintiff stay home from work until June 2, 2014, and
24  believes that Plaintiff suffers from a serious health condition. (ECF No. 5-3 at 2.) Plaintiff states
25  in her reply that the healthcare provider's responses indicating that Plaintiff was not unable to
26  perform work must have been accidental. (ECF No. 7 at 17.) Plaintiff's argument is a plausible

27

28  [3] Defendant's argument references ECF No. 5-3 at 2, which this Court incorporates by reference. *See*, Section II, n. 1, *supra*.

one, but, more importantly, the answer to that issue cannot be discerned without further discovery. As directed by the United States Supreme Court, this Court is required to "give the respondents the benefit of ever reasonable inference from well-pleaded facts." *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.at 556).

Even with the inclusion of documentation extraneous to the Complaint, the Court must look at the facts put forth and determine if it might draw a reasonable inference in Plaintiff's favor. *Id.* The document upon which Defendant relies is contradictory, while Plaintiff's Complaint is clear. Therefore, Exhibit B cannot provide a basis for dismissal of Count II under the standard set forth by Rule 12(b)(6).

### d. Count III: Failure to Prevent Retaliation and Discrimination under FEHA

Plaintiff's Complaint further alleges that Defendant violated the FEHA in its failure to prevent retaliation and discrimination against Plaintiff based on her disability pursuant to the FEHA. (ECF No. 1-1 at ¶¶ 45–51.) Defendant argues that this claim should be dismissed on the same grounds as Counts I and II because the claim is "entirely derivative of the first two causes of action." (ECF No. 5 at 19–20.) Because the Court finds that Plaintiff's first two causes of action are not subject to dismissal under Rule 12(b)(6), Defendant's motion to dismiss Count III is hereby denied.[4]

### e. Count IV: Failure to Accommodate under FEHA

Plaintiff brings a claim against Defendant for failure to accommodate her disability under the FEHA. (ECF No. 1-1 at ¶¶ 52–57.) Defendant argues that this claim should be dismissed because Plaintiff failed to allege sufficient facts supporting her assertion that she suffered from a physical disability and similarly failed to identify Defendant's alleged failure to accommodate. (ECF No. 5 at 20–21.) The Court finds that Plaintiff has pled sufficient facts to support this cause

---

[4] The Court notes that the legal standard for demonstrating an "adverse action" in an FEHA discrimination claim is identical to the requirements a plaintiff must meet in an FEHA retaliation claim. *Yanowitz v. L'Oreal USA, Inc*., 36 Cal. 4th 1028, 1049 (2005). Therefore, the Court's previous analysis is applicable to this claim.

of action and Defendant's motion as to Count IV is hereby denied.

The Court has already addressed Defendant's first argument by finding that Plaintiff has plead sufficient facts to support her allegation that she suffered a physical disability under the FEHA. *See,* Section III.a., *supra*. With respect to Defendant's alleged failure to accommodate under the FEHA, Defendant states simply that "Plaintiff was granted whatever time off she required and took that time off." (ECF No. 5 at 20.) Plaintiff characterizes this argument as "absurd" and this Court tends to agree.

Plaintiff clearly alleges in her Complaint that Palomo knew about her back injury and that the condition was ongoing, yet told her, "[i]f you take off one more day because of your back, I'm terminating you." (ECF No. 1-1 at ¶¶ 19–20.) This allegation alone supports Plaintiff's claim. Instead, Defendant focuses on the leave that Plaintiff did take over the relevant time period, ignoring the alleged threat against Plaintiff, indicating to her that continued accommodation was not allowed. Defendant may be held liable for even a single failure to accommodate. *A.M. v. Albertsons, LLC*, 178 Cal. App. 4th 455, 465 (2009). In this instance, Plaintiff alleges sufficient facts to support that Defendant not only failed to accommodate her injury, but essentially indicated that Palomo intended to refuse all future requests for accommodation. On these grounds, the Court cannot find a basis to grant Defendant's motion to dismiss this count.

### f. Count V: Failure to Engage in the Interactive Process under FEHA

Plaintiff's Complaint alleges that Defendant violated the FEHA by failing to engage in the interactive process with Plaintiff regarding her disability. (ECF No. 1-1 at ¶¶ 58–63.) Defendant argues that Plaintiff failed to plead sufficient facts to indicate that she requested an accommodation and Plaintiff similarly failed to plead sufficient facts to identify a reasonable accommodation that would have been available. (ECF No. 5 at 21–23.) The Court finds that Plaintiff has pled sufficient facts to support this cause of action and Defendant's motion as to Count V is hereby denied.

"Although it is the employee's burden to initiate the process, no magic words are necessary, and the obligation arises once the employer becomes aware of the need to consider an accommodation." *Rubadeau v. M.A. Mortenson Co.*, No. 1:13-CV-339 AWI JLT, 2013 WL

3356883, at *12 (E.D. Cal. July 3, 2013) (quoting *Scotch v. Art Inst. of California-Orange Cnty., Inc.*, 173 Cal. App. 4th 986, 1018 (2009)). Although it does not seem that Plaintiff used formal terms, the Court finds that Plaintiff alleges sufficient facts that she notified Palomo of her back injury and of her need to treat her injury and manage the associated pain. (ECF No. 1-1 at ¶ 19.) Moreover, Plaintiff's Complaint clearly indicates that she proposed finite periods of medical leave as an accommodation (ECF No. 1-1 at ¶ 19), which, as Defendant points out in its motion (ECF No. 5 at 21), is a reasonable accommodation under the FEHA. *Sanchez v. Swissport, Inc.*, 213 Cal. App. 4th 1331, 1338 (2013). It is not an employee's responsibility to provide multiple alternative accommodations – that is the entire purpose of the interactive process. *Diaz v. Fed. Express Corp.*, 373 F. Supp. 2d 1034, 1061 (C.D. Cal. 2005).

Because Plaintiff alleges sufficient facts to indicate that she made Defendant aware of her disability and need for accommodation, Defendant's motion to dismiss with respect to Count V is denied.

### g. Count VI: Interference with Protected Medical Leave under CFRA

Plaintiff's Complaint alleges that Defendant violated the CFRA by interfering with her right to protected medical leave. (ECF No. 1-1 at ¶¶ 64–68.) Defendant argues that Plaintiff's sixth cause of action must be dismissed under Rule 12(b)(6) on the grounds that Plaintiff failed to plead sufficient facts to show that she was entitled to medical leave under the CFRA. (ECF No. 5 at 17–19.) The Court has already addressed this argument in Section III.c, *supra*. For the reasons already stated, the Court hereby denies Defendant's motion as to Count VI.

### h. Count VII: Retaliation under the FMLA[5]

Plaintiff alleges Defendant violated the FMLA by retaliating against Plaintiff for taking qualified medical leave. (ECF No. 1-1 at ¶¶ 69–74.) Defendant argues that the claim should be dismissed because Plaintiff cannot allege sufficient facts to demonstrate that she was entitled to medical leave pursuant to the FMLA. (ECF No. 5 at 23–24.)

Defendant again relies on the arguments it made for dismissal of Counts III and VI,

---

[5] Plaintiff's Complaint incorrectly identifies its seventh cause of action as its eighth cause of action and its eighth cause of action as its ninth. (ECF No. 1-1 at ¶ 12.) The Court will refer to the causes of action as Count VII and Count VIII, respectively.

stating that Plaintiff cannot qualify for FMLA leave because the statute requires an eligible employee to have as serious health condition "that makes the employee unable to perform the functions of the position of such employee." (ECF No. 5 at 23 (citing 29 U.S.C. § 2615(a)(2)).) Defendant argues that Plaintiff does not qualify for FMLA because Exhibit B indicates that Plaintiff was able to perform the functions of the position. (ECF No. 5 at 23.) The Court has already addressed this argument in Section III.c, *supra*. For the reasons already stated, the Court hereby denies Defendant's motion as to Count VII.

### i. **Count VIII: Interference with Protected Medical Leave under FMLA**

Plaintiff alleges that Defendant violated the FMLA by interfering with Plaintiff's protected medical leave. (ECF No. 1-1 at ¶¶ 75–79.) Defendant argues that this claim should be dismissed because Plaintiff's request for medical leave was granted. (ECF No. 5 at 24.) In addition, Defendant argues that Plaintiff cannot allege facts sufficient to establish she would be entitled to protected medical leave. (ECF No. 5 at 24.)

Defendant's first argument on this point again borders on the absurd. As discussed in Section III.e, *supra*, although Defendant did allow Plaintiff leave for her back injury, Plaintiff alleges that Palomo threatened to terminate her if she took any additional FMLA leave. (ECF No. 1-1 at ¶ 20.) Similarly, although Defendant provided medical leave for her Plaintiff's anxiety and acid reflux condition, Plaintiff states that she was terminated for taking that leave. (ECF No. 1-1 at ¶ 30.) Defendant provides no case law to indicate that these actions could not constitute interference under the FMLA and the Court finds no legal or factual basis to conclude that Plaintiff's allegations are implausible under Rule 12(b)(6).

Defendant's second argument for the dismissal of Count VIII alleged that Plaintiff is not entitled to medical leave under the FMLA for the same reasons discussed in Section III.h, *supra*. The Court has already addressed and rejected this argument. Therefore, Defendant's motion as to Count VIII is denied.

//

//

//

## IV. CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF No. 5.)

IT IS SO ORDERED.

Dated: September 22, 2015

Troy L. Nunley
United States District Judge